IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DANIEL LONGORIA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-10-93-F |
| v. | ) | |
| | ) | |
| HECTOR A. LEDEZMA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner confined at the Federal Correctional Institution, El Reno, Oklahoma, and appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be denied.

On January 18, 2008, Petitioner entered a guilty plea to count one of a superseding indictment filed in the United States District Court for the Western District of Texas, and he was convicted of the offense of Felon in Possession of a Firearm in violation of 18 U.S.C.

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. §2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

§ 922(g)(1). Petitioner was sentenced on March 14, 2008, to serve a 90-month term of imprisonment for this conviction to be followed by a 90-month term of supervised release. Petitioner states that he did not appeal this conviction.

Petitioner asserts that he has been informed by the United States Bureau of Prisons ("BOP") that he is not eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) upon successful completion of a drug abuse treatment program ("DATP") because of his firearm possession conviction. In his Petition and attached brief in support of the Petition, Petitioner challenges under the APA the validity of the BOP's former regulation, 28 C.F.R. §550.58 (2000)(repealed Jan. 14, 2009), which excluded certain offenders from eligibility for early release consideration under 18 U.S.C. § 3621(e)(2)(B). Petitioner also challenges on due process grounds the determination by the BOP that he would not be eligible for early release consideration.

I. Petitioner's APA Challenge to BOP's Regulation

By law, the BOP must "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To satisfy this statutory obligation, the BOP offers various treatment programs for prisoners, including the Residential Drug Abuse Program ("RDAP") and a Non-Residential Drug Abuse Program. As an incentive to complete a drug abuse treatment program, the statute provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the [BOP], but such reduction may not be more than one year from the term the prisoner must

otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

In order to uniformly interpret the statutory exclusion of violent offenders from early release consideration under § 3621(e)(2)(B), the BOP promulgated in 2000 a regulation formerly set forth at 28 C.F.R. § 550.58(a)(1)(vi). This now-obsolete regulation specifically excluded inmates with a felony conviction for certain offenses, including a conviction for carrying, possession, or use of a firearm, from eligibility for the early release incentive. Addressing a challenge to the exclusionary language in this former regulation concerning firearm offenses, the Supreme Court held that the BOP had the discretion, under § 3621, to promulgate a regulation categorically denying early release eligibility to prisoners whose felonies involved a firearm. Lopez v. Davis, 531 U.S. 230, 233 (2001).

Subsequently, in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2007), the Ninth Circuit Court of Appeals held that the BOP had violated section 702(2)(a) of the APA by promulgating that same regulation. In Arrington, the Ninth Circuit concluded that the BOP's categorical exclusion rule promulgated in 2000 was arbitrary and capricious and therefore invalid under section 706(2)(A) of the APA because the BOP "failed to set forth a rationale for its decision to categorically exclude prisoners convicted of [firearm possession] offenses." Id. at 1114.[2] Relying on the Ninth Circuit's decision in Arrington, Petitioner

---

[2]The decision in Arrington has been rejected by the Eighth Circuit Court of Appeals in Gatewood v. Outlaw, 560 F.3d 843 (8th Cir.), cert. denied, __ U.S. __, 130 S.Ct. 490 (2009), the Third Circuit Court of Appeals in Gardner v. Grandolsky, 585 F.3d 786 (3rd Cir. 2009), the Fifth Circuit Court of Appeals in Handley v. Chapman, 587 F.3d 273 (5th Cir. 2009), and by a multitude of district courts too numerous to set forth herein.

3

contends that the BOP violated the APA by failing to articulate a sufficient rationale in the administrative record to support its categorical exclusion policy contained in its regulation.

Following the Ninth Circuit's decision in Arrington, the BOP issued a new regulation, 28 C.F.R. § 550.55 (effective Mar. 16, 2009), which continues to exclude certain offenders from the benefit of the statutory early release provision if their convictions involved firearms. The administrative record accompanying this new regulation provides an explanation for the BOP's decision. In promulgating the new categorical exclusion rule set forth at 28 C.F.R. § 550.55, the BOP expressly stated that inmates convicted of offenses involving the carrying, possession, or use of a firearm are excluded from early release consideration because these inmates pose a safety risk to the public. In the Federal Register notice, the BOP states, in relevant part, that:

> [t]he Director of the [BOP] has the discretion to determine eligibility for early release consideration (See Lopez v. Davis, 531 U.S. 230 (2001)). . . . The Director of the [BOP], in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or use of a firearm and offenses that present a serious risk of physical force against person or property, as described in §550.55(b)(5)(ii) and (iii). Further, in the correctional experience of the [BOP], the offense conduct of both armed offenders and certain recidivists suggests that they pose a particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Id. at 240. The [BOP] adopts this reasoning. The [BOP] recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious

> activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.
> It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

74 Fed. Reg. 1892, 1895 (Jan. 14, 2009). This document clearly reflects that the previous regulation codified at 28 C.F.R. § 550.58 has been repealed and superceded by the new regulation codified at 28 C.F.R. § 550.55. Consequently, Petitioner's challenge on APA grounds to the now-obsolete BOP regulation, which was formerly set forth at 28 C.F.R. §550.58, is moot. "Constitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual, ongoing cases or controversies." Seneca-Cayuga Tribe v. Nat'l Indian Gaming Comm'n, 327 F.3d 1019, 1028 (10th Cir. 2003), cert. denied, 540 U.S. 1218 (2004). See McGill v. Kastner, 2009 WL 3242037 (W.D.Okla. Oct. 2, 2009)(unpublished Order adopting appended Report and Recommendation)(finding moot a federal prisoner's APA challenge to former 28 C.F.R. § 550.58 because the obsolete regulation was no longer applicable to determination of the petitioner's eligibility for early release); Stotts v. Kastner, 2009 WL 3242038 (W.D.Okla. Oct. 2, 2009)(unpublished Order adopting appended Report and Recommendation)(same). Thus, the Petition should be

summarily denied.[3]

II. Petitioner's Challenge to the BOP's Decision Excluding Him From § 3621 Sentence Reduction Due to His Conviction

Petitioner does not allege that he has completed or is currently participating in a DATP. He only alleges that "the RDAP coordinator continues to insist that one year ealy [sic] release is not applicable to Petitioner Longoria and that Petitioner should proceed with this writ of habeas corpus." Petition (handwritten), at 3. Petitioner also alleges that the BOP's "exclusion from one year early out/participation in prison drug program violates Petitioner's due process clause [sic]." Petition (completed form petition), at 4. Thus, it would appear Petitioner has been advised that he is ineligible for sentence reduction under 18 U.S.C. §3621 even if he successfully completes a DATP. To the extent Petitioner alleges the BOP abused its discretion in determining that he is not eligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B), his argument is foreclosed by the Supreme Court's decision in Lopez, 531 U.S. at 244. See Martin v. Rios, 472 F.3d 1206, 1207 (10th Cir. 2007)(Mr. Martin misreads Lopez insofar as he claims that it does not apply when the inmate's offense involved mere possession of a firearm."); Satterwhite v. Rios, 215 Fed. Appx. 775 (10th Cir. 2007)(unpublished op.).

---

[3]It is not necessary to resolve the issue of whether Petitioner has exhausted administrative remedies concerning his APA challenge to 28 C.F.R. § 550.58 because the Petition should be summarily denied on its merits. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)(where "no credible federal constitutional claim is raised" in § 2241 petition, district court did not err in denying unexhausted claims in petition on their merits).

III. Petitioner's Challenge to BOP's Denial of Admission to DATP

Petitioner's admission to a DATP is a separate issue from the categorical exclusion provision set forth in 18 U.S.C. § 3621(e)(2)(b) and BOP's regulations interpreting that exclusion. Title 28 C.F.R. § 550.55(b)(5)(effective Mar. 16, 2009) does not, of course, prevent a federal offender from applying for a residential or non-residential drug abuse treatment program. Title 18 U.S.C. § 3621 provides the BOP with discretionary authority to determine whether a prisoner applying for admission to a drug abuse treatment program has a "treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b).

To the extent Petitioner is alleging that he has applied for and been denied admission to a DATP and that the BOP erred in denying his application for admission, Petitioner has not shown that he has exhausted available administrative remedies concerning the BOP's decision denying him admission to such a program. The BOP has established a grievance procedure for inmates to follow concerning issues related to their confinement. See 28 C.F.R. §§542.10-542.19. Accordingly, Petitioner's claim seeking review of a decision denying his application for admission to a DATP should be dismissed for failure to demonstrate exhaustion of administrative remedies.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED in part and DISMISSED without prejudice in part for failure to exhaust administrative remedies. Petitioner is advised of his

7

right to file an objection to this Report and Recommendation with the Clerk of this Court by  $\underline{\quad \text{March 16}^{\text{th}} \quad}$, 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf. Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this $\underline{\quad 24^{\text{th}} \quad}$ day of $\underline{\quad \text{February} \quad}$, 2010.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE